United States District Court
Southern District of Texas
**ENTERED**
November 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALEXIS BARRIER BOYCE, JR., SPN #03012051, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-20-2971 |
| HARRIS COUNTY JAIL, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Clifford Alexis Barrier Boyce, Jr. (SPN #03012051), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding conditions of his confinement at the Harris County Jail. Because Boyce is a prisoner who proceeds <u>in forma pauperis,</u> the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I. Background

The court received Boyce's Complaint against the Harris County

Jail on August 24, 2020, and it was filed the same date.[1] Boyce contends that he was exposed to unsanitary conditions of confinement at the Jail between August 12, through August 21, 2020, when toilet water flooded his cell.[2] Boyce explains that the exposure occurred when other inmates caused toilets to overflow in his cellblock, noting that this happened "numerous times."[3] Boyce states that the cells were not properly sanitized and that he was not allowed to shower immediately after each occurrence.[4]

Boyce contends that he was harmed by the unsanitary conditions because he had "previous cuts on the bottom of [his] feet that could've got serious [sic] infected[.]"[5] Boyce also appears to contend that he was "exposed to possible COVID-19," but was not allowed to "properly clean [himself] afterwards."[6]  He seeks $50,000.00 from the Harris County Jail.[7]

---

[1]Complaint, Docket Entry No. 1, p. 1.  Boyce states that he signed his Complaint on August 7, 2020.  See id. at 11.

[2]Id. at 4.

[3]Id.

[4]Id.

[5]Id. at 5.

[6]Id.

[7]Id.  Boyce also appears to seek damages from the City of Houston, which is not named as a defendant in this case.  See Complaint, Docket Entry No. 1, pp. 1, 2.  The Harris County Jail is operated by the Harris County Sheriff's Department, and not the City of Houston.  Because Boyce does not otherwise allege that the
(continued...)

## II.  Discussion

The only defendant named by Boyce is the Harris County Jail,[8] which is operated by the Harris County Sheriff's Department ("HCSD").  Boyce cannot maintain a lawsuit against HCSD because it lacks the requisite capacity to sue or be sued.  See FED. R. CIV. P. 17(b) (providing that both plaintiff and defendant must have capacity to sue or be sued).  In Texas, a county sheriff's department is not a legal entity capable of being sued "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" Jacobs v. Port Neches Police Dep't, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991)).  As a subdivision of Harris County, HCSD has not been granted such authority.  See Aguirre v. Harris County Sheriff's Office, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012) (observing that Harris County has not granted HCSD the requisite legal capacity to sue or be sued).  Therefore, Boyce fails to state an actionable claim against the Jail or HCSD.

Even if the court were to construe Boyce's Complaint as though

---

[7](...continued)
City of Houston had any involvement with the complained of conditions of his confinement, the court does not consider his allegations against the City of Houston.

[8]Complaint, Docket Entry No. 1, pp. 1, 2.

Harris County was the defendant, his allegations would still fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. To the extent that Boyce takes issue with conditions exposing him to a potential infection or "possible COVID-19," a prisoner's generalized fear of contracting COVID-19 is not sufficient to state a claim for relief. See, e.g., United States v. Koons, 455 F. Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); VanDyke v. La. Dep't of Corr., Civil No. 20-0448, 2020 WL 1869016, at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress) (citations omitted).

Likewise, Boyce cannot recover monetary damages based on allegations of potential harm because the PLRA precludes an action by a prisoner for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Boyce does not allege that his feet actually became infected or that he became ill as a result of the complained of conditions of confinement at the Harris County Jail. Because Boyce does not identify any physical

injury, § 1997e(e) precludes him from recovering damages for his mental and emotional distress. See Alexander v. Tippah County, Miss., 351 F.3d 626, 630-31 (5th Cir. 2003) (concluding that two inmates could not recover damages from their temporary exposure to "deplorable conditions" because the only injury alleged was nausea from the smell of raw sewage). Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Clifford Alexis Barrier Boyce, Jr. (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 30th day of November, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE